IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EARL D. WARNER,

        Defendant.

Criminal No. 12-0107

ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING DEFENDANT'S MOTION IN LIMINE
REGARDING "DISC #1" (DOC. NO. 95)**

Before the Court is Defendant's Motion in Limine to exclude some, but not all, of the still images located on a CD which the Government intends to offer at trial ("Disc #1"). Doc. no. 95. The Government filed a Response to that Motion. Doc. no. 100.

Following these submissions, during the course of the Pretrial Conference held on January 9, 2014, the Court stated that in order to rule on this Motion in Limine (doc. no. 95) as well as Defendant's Motion in Limine regarding the Government's 404(b) evidence (doc. no. 92, which is addressed by way of a separate Memorandum Order), the Court would review after said Pretrial Conference the images per the mandate and directive of the United States Court of Appeals for the Third Circuit in *United States v. Cunningham,* 694 F.3d 372 (3d Cir. 2012). The Government apprised the Court and Defense Counsel that the images on Disc #1 had been combined with other "uncharged images" on Disc #2 and referenced in the Government's Notice of 404(b) Evidence (see doc. no. 85) as well as other exhibits (*e.g.,* search photographs of the Warner residence, a user manual for an Acer laptop computer, etc.). The Court received this

combined disc containing all the images at issue, and a draft exhibit list from the Government with Defendant's approval.

After personally reviewing all of the images and videos compiled on the combined disc, which included those images and videos which are relevant to Defendant's Motion in Limine Regarding Disc #1,[1] after reviewing counsels' written arguments concerning the admissibility of the images, and having also considered Defendant's counsel's representation during the Pretrial Conference that his objections to the "repetitiveness" of the images relevant to Count Three equally applied to all images relevant to all of the other Counts (presumably, Counts One through and including Seven), the Court will deny Defendant's Motion in Limine, for the reasons set forth herein.

**I.     Discussion**

As an initial matter, the Government Exhibit Nos. 1.1 through and including 7.44A, contain images (both still shots and video clips) which correspond to each of the seven counts set forth in the superseding indictment against Defendant. If an Exhibit begins with the number "1", it corresponds to Count One of the superseding indictment; if an Exhibit begins with the number "2," it corresponds to Count Two of the superseding indictment; and so on.

Next, it is important to note that Defendant does not object to some of the images being proffered by the Government within the Exhibit Number range of 1.1 through and including 7.44A. ("There is no argument towards many of the images. For instance, the videoclip supporting Count 6. This has a voice which the government believes is that of Warner." Doc.

---

[1] The Court reviewed every image and video on the combined disc provided by the Government. The images relevant to Defendant's Motion in Limine Regarding Disc #1 which this Court has personally reviewed were identified by the Government's counsel during the Pretrial Conference on the combined disc as well as in the draft exhibit list as Government Exhibit nos. 1.1 through and including 7.44A. The metadata for an image is always the first exhibit (*i.e.*, Exhibit no. 1.1"), while the actual image corresponding to the metadata is denoted with an "A" after the exhibit number (*i.e.*, "1.1**A**").

no. 95, p. 2). However, Defendant does object to those images which are "repetitive" images. By way of example, with respect to Count Three, in connection with images the Government compiled in support of Count Three of the superseding indictment, Defendant notes (again by way of example) that image 560 is "repetitive of the pose at 559" and that 562 is "very similar" to 561. Defendant also reminded the Court during the January 9, 2014, Pretrial Conference that these were examples using only a single Count and a few images being used as evidence by the Government to support its burden of proof as to that Count. Defendant urged the Court to apply his "repetitive" argument to all other Counts and any images that appeared to be "repetitive." In his Motion, Defendant argued that under Fed. R. Evid. 403, these "repetitive" images are "cumulative" and/or "unduly prejudicial" and thus, should be excluded.

The Government, in its response to Defendant's Motion, agrees that these photos were indeed similar but argued that "it is the full sequence of photographs that accurately portrays the real time production of the charged sexually exploitive images and, in turn, is the government's best evidence of the offense charged at Count Three." Doc. no. 100 at p. 2. The Government further contends, "[s]imilarly, the full series of images charged in Counts One, Two, and Four[2], when viewed in sequence, most accurately depict the production of child pornography charged at each of those counts." *Id.*

## II. Analysis

The Court begins its analysis by noting that the Government must prove Defendant committed seven separate offenses in this case. Six of the Seven Counts allege that Defendant "produced" material depicting the sexual exploitation of a minor, covering most of the images which are the subject of this Motion, while the Seventh Count alleges that Defendant possessed

---

[2] The Court finds that Counts 5 and 6 utilize video clips (which the Court has reviewed) and the video clips are not subject to the "repetitive"/cumulative arguments advanced by Defendant.

material depicting the sexual exploitation of a minor. Although these offenses differ from those in the *Cunningham* case – the three offenses charged in *Cunningham* were receipt, possession, and distribution of child pornography, this Court viewed all of the images in their entirety on the combined disc in accordance with the *Cunningham* decision.

Starting with images related to the six "production" offenses charged in the superseding indictment (Counts One through Six), "production of material depicting the sexual exploitation of a minor" (as the parties have agreed in doc. no. 91 at p. 13) requires the Government to prove the following three elements (in addition to the required state of mind):

First: At the time of the offense, the victim depicted was under the age of eighteen years;

Second: The defendant employed, used, persuaded or coerced the victim to take part in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct; and

Third: The visual depiction was produced using materials that had been mailed, or shipped, or transported in interstate or foreign commerce by any means.

Under Fed. R. Evid. 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

When determining whether evidence is "unfairly prejudicial" under Rule 403, this Court first notes that, by definition, all relevant evidence will be prejudicial to one of the parties. See *United States v. Dillon*, 532 F.3d 379, 391 (5th Cir. 2008). Thus, Rule 403 does not block all prejudicial evidence, but rather requires this Court to exclude unfairly prejudicial evidence when that unfair prejudice substantially outweighs its probative value. *Id.* at 391. The Advisory

Committee's notes to Rule 403 explain that "'[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

Although the Court agrees with Defendant that there are many "similar" images proffered within each of Counts One through Four, no two images are identical, and many images are probative of the "grooming" process (defendant's manipulation of the individual child victims).

Considering that these images proffered by the Government in Exhibit Numbers 1.1A through 4.23A are being used to provide an evidentiary basis for the offense of "production," the Court does not find any of these images to be "cumulative."  In addition, the Court concludes that based upon its personal review of the images, these images are not "unfairly prejudicial" to Defendant under Rule 403.  The Court concludes that the probative value of the images, especially when viewed in sequence, is more probative than prejudicial.

Next, the Court notes that the two video clips which correspond to the "production" offense set forth in Count Five (Exhibit Numbers 5.1 and 5.2), and the single video clip which corresponds to the "production" offense set forth in Count Six (Exhibit Number 6.1), are not "cumulative" and the probative value of these videos outweighs any prejudicial effect.

Finally, the Court further notes that the images relating to Count Seven, possession of material depicting the sexual exploitation of a minor, were not addressed in Defendant's Motion in Limine, unlike Counts One through Six.  However, during the January 9, 2014 Pretrial Conference, counsel for Defendant asked that the Court consider his "repetitive" argument as to all Counts.  The Court, therefore, reviewed all 44 images which correspond to Count Seven, and finds that although some are similar to one another, none are identical.  The Court, based upon its

personal review of these images, has determined that all of these images relating to Count Seven are more probative than prejudicial.

## III. Conclusion

The Court finds that all of the images proffered by the Government in Exhibit Numbers 1.1 through 7.44A are admissible. Accordingly, the Court will DENY the Motion in Limine Regarding Disc #1, filed at document number 95.

### ORDER OF COURT

AND NOW, this 13th day of January, 2014, the Court DENIES Defendant's Motion in Limine Regarding Disc #1. Doc. no. 95. Thus, the images found in Government Exhibit Nos. 1.1 through 7.44A are admissible.

s/Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties