IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

EARL D. WARNER,

      Defendant.

Criminal No. 12-0107
ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING DEFENDANT'S MOTION IN LIMINE REGARDING 404(b) EVIDENCE (DOC. NO. 92)**

Before the Court is Defendant's Motion to preclude evidence proffered by the Government under F.R.E. 404(b), specifically the "additional images" of children which were produced in Defendant's home in and around the summer of 2011(see doc. no. 85) – a timeframe which coincides with the criminal charges pending against Defendant.[1] Doc. no. 92. The Government filed a Response to this motion (doc. no. 96), and Defendant filed a Reply. Doc. no. 102.

Following these submissions, during the course of the Pretrial Conference held on January 9, 2014, the Court stated that in order to Rule on this Motion in Limine (doc. no. 92) as well as Defendant's Motion in Limine regarding Disc #1 (doc. no. 92, which is addressed by way of a separate Memorandum Order), the Court would review the images per the mandate and directive of the United States Court of Appeals for the Third Circuit in *United States v. Cunningham*, 694 F.3d 372 (3d Cir. 2012).

---

[1] Defendant has been charged with six counts of production of child pornography that allegedly occurred in June and July of 2011, and one count of possession of child pornography that allegedly occurred in July of 2011.

The Government apprised the Court and Defense Counsel that the images on Disc #1 had been combined with other "uncharged images" on Disc #2, referenced in the Government's Notice of 404(b) Evidence (see doc. no. 85) as well as other exhibits (e.g. search photographs of the Warner residence, a user manual for an Acer laptop computer, etc.). The Court accepted this combined disc containing all of the images at issue, and a draft exhibit list from the Government with Defendant's approval. The matter is now ripe for adjudication.

After personally reviewing all of the images and videos compiled on the combined disc, which included those images and videos which are relevant to Defendant's Motion in Limine Regarding 404(b),[2] after reviewing counsels' written arguments concerning the admissibility of the images, and having also considered Defendant's counsel's representation during the Pretrial Conference that his objections to the "repetitiveness" of the images relevant to Count Three equally applied to all images relevant to all of the other Counts (presumably, Counts One through and including Seven), the Court will deny Defendant's Motion in Limine for the reasons set forth herein.

**I.     Discussion**

The Government stated in it Notice of Evidence it Intends to Introduce at Trial Pursuant to Fed. R. Evid. 404(b) [doc. no. 85]:

> The government intends to introduce the following evidence of Defendant's uncharged criminal conduct:

---

[2] The Court reviewed every image and video on the combined disc provided by the Government. The images relevant to Defendant's Motion in Limine Regarding 404(b) which this Court has personally reviewed were identified by the Government's counsel during the pretrial conference on the combined disc as well as in the exhibit list as Government Exhibit nos. 8.1 through and including 8.66A. The metadata for an image is always the first exhibit (*i.e.*, Exhibit no. 8.1") whiled the actual image corresponding to the metadata is denoted with an "A" after the exhibit number (*i.e.*, "8.1**A"**). In addition, the Court reviewed all remaining exhibits (Exhibit Nos. 9.1 through 21.1) for 404(b) purposes. Exhibit Nos. 1.1 through 7.44A have been deemed admissible by way of a separate Court Order addressing Defendant's Motion in Limine Regarding Disc #1 (filed at doc. no. 95).

> In addition to the still photographs and videos depicting the sexual exploitation of victims "MC", "FW", and "HE", as charged in Counts One through Seven of the relevant indictment, the government intends to introduce at trial additional images produced of their sexual exploitation by Defendant Earl Warner. Said additional images were produced in Defendant Warner's residence, in and around the Summer of 2011.

Doc. no. 85, p. 3. The Government stated in its Notice that it was filing the Notice because it anticipated that Defendant "may attempt to establish that he had no knowledge of the production of the subject photographs and videos . . . [and that] defendant may acknowledge possessing the images, but not producing said images." The Government concluded that this type of evidence was extrinsic but "relevant to prove intent and the absence of mistake or accident." Id. at 4.

The Government's Notice further stated that, "Defendant's uncharged misconduct is admissible under Fed. R. Evid. 404(b) for two independent reasons. First, the other acts evidence in question is relevant and admissible with respect to proof of intent. . . . Second, the other acts evidence in question is relevant and admissible to establishing the defendant's absence of mistake or accident." Id. at 4-5.

Defendant filed a Motion in Limine regarding this 404(b) evidence proffered by Government, and challenged the Government's two predicate reasons (intent and proof of absence of mistake or accident). With respect to intent, Defendant argued that nearly every federal crime "makes one's intent or mental state at issue," and thus, Defendant's not guilty plea does not "open the admissibility door." With respect to absence of mistake or accident, Defendant argued that this predicate was "more tenuous" than the intent predicate. Relying on *United States v. Smith*, 725 F.3d 340 (3d Cir. 2013) and *United States v. Davis*, 726 F.3d 434 (3d Cir. 2013), Defendant argued that the Government's "bare bones" assertions did not satisfy the "invigorated requirements of Rule 404(b)" and would not "carry the day" to admit the 404(b) evidence. Doc. no. 92.

3

In its Response to Defendant's 404(b) Motion in Limine, the Government suggested that the uncharged images at issue were "intrinsic" evidence of the offenses charged, and further argued that the probative value of this evidence outweighed its prejudicial effect. The Government further stated that it intended "to introduce testimony and exhibits of other, uncharged acts by the defendant, so as to establish the defendant's state-of-mind, his intent, his access to the victims, and the opportunity to offend." Doc. no. 96.

Defendant, in his Reply argued that the Government, in its Notice only articulated two reasons to admit the uncharged images: (1) intent, and, (2) absence of mistake or accident. The Defendant argued that this Court could not now consider two additional reasons advocated by the Government: (1) state of mind, and (2) opportunity (access to victims and opportunity to offend). In addition, Defendant argued that the Government in its Response had still failed to provide the requisite level of description required by recent case law (namely *Smith* and *Davis*) applicable to Rule 404(b). In a nutshell, Defendant argued that the uncharged evidence is not "intrinsic" and contended that it could only be admitted "if the recently invigorated interpretation of Rule 404(b) can be satisfied." Doc. no. 102.

**II.    Analysis**

The Court begins its analysis by noting that Fed. R. Evidence 404(b) states:

Rule 404. Character Evidence; Crimes or Other Acts

\*     \*     \*

(b) Crimes, Wrongs, or Other Acts.

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity,

intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

Next, the Court has reviewed the cases cited by Defendant and notes the following:

In *Davis,* the United States Court of Appeals for the Third Circuit noted, "American courts have long excluded evidence of a person's prior bad acts. This tradition reflects a fear that the jury will place too much weight on past crimes and prior misdeeds. . . . Over the past two hundred years, the prior-acts rule has changed much in form but little in function." *Davis,* 726 F.3d at 440-41. The Court in *Davis* specifically noted that today, courts utilize the four-part test which emanated from the text of Rule 404(b):

> Prior-acts evidence is admissible only if it is (1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested. See *Green*, 617 F.3d at 249; see also *Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988) (discussing these four requirements).

*Id*. at 441, footnote omitted. In footnote five, the Court in *Davis* stated, "Rule 404(b) excludes only extrinsic evidence, or evidence of acts that are not the basis of the current prosecution. It does not exclude intrinsic evidence, which either "directly proves" or "facilitate [s]" the charged offense. *Green*, 617 F.3d at 248–49 (quotation marks omitted)."

In the *Smith* case, the Court of Appeals for the Third Circuit reiterated that in determining the admissibility of prior bad acts evidence, a district court must analyze, under the familiar *Huddleston* test, whether the evidence: (1) has a proper evidentiary purpose under Rule 404(b);

(2) is relevant under Rule 402; (3) is of such probative value as to outweigh the prejudice to the defendant as required by Rule 403; and (4) is accompanied by a proper limiting instruction. *Smith,* 725 F.3d at 345. The Court in *Smith* held, "To meet the first requirement for admissibility, the proponents of Rule 404(b) evidence must do more than conjure up a proper purpose—they must also establish a chain of inferences no link of which is based on a propensity inference." *Id*.

Turning to the instant matter, it is certainly true that the Government, in its Notice, stated that it planned to use the 404(b) evidence to prove Defendant knew "of the production of the subject photographs and videos," that he actually was the person who produced said images, and that he intended to do so as the 404(b) evidence tends to show lack of mistake or accident. Doc. no. 85. p. 4. It is also true that the Government, after this proffer was challenged by Defendant in its Motion in Limine (doc.no. 92) "beefed up" its proffer by further stating, "[t]he Government intends to introduce testimony and exhibits of other, uncharged acts by the defendant, so as to establish the defendant's state-of-mind, his intent, his access to the victims, and the opportunity to offend." Doc. no. 96. The Court does not find that these additional arguments are "untimely" as suggested by Defendant in his Reply to the Government's Response (doc. no. 102, p. 2), further notes that there is no authority cited by Defendant indicating that the Court cannot properly consider these additional predicates.

The Court's personal review of all of the images relevant to this Motion (specifically Exhibit Numbers 8.1 through 8.66A) contain still shots which this Court finds meets all four prongs of the 404(b) test.

Turning to the first prong, the Court finds that the Government has elucidated a "proper evidentiary purpose" under Rule 404(b) for each of these images which comprise Exhibit 8.

Specifically, the Court finds that with respect to the seven offenses charged against Defendant for the "production" of material depicting the sexual exploitation of a minor, the images tend to prove lack of absence or mistake and thus, intent. Many also could be used to prove Defendant's access to the victims, as well as his opportunity to offend, especially given the dates and time(s) of day the images were created.

Second, there is no doubt that the images viewed by the Court are relevant under Rule 402 relative to the proper purpose for which they are being offered by the Government. As noted in the Memorandum Order at doc. no. 107, the "production" of material depicting the sexual exploitation of a minor requires the Government to prove the following three elements:

> First: At the time of the offense, the victim depicted was under the age of eighteen years;
>
> Second: The defendant employed, used, persuaded or coerced the victim to take part in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct; and
>
> Third: The visual depiction was produced using materials that had been mailed, or shipped, or transported in interstate or foreign commerce by any means.

Many, if not all, of the images placed at issue by this Motion are relevant to the second and possibly the third elements of the six production offenses charged.

Third, the probative value of these images outweighs the prejudice to Defendant as required by Rule 403. Again, the Government has charged Defendant with six separate Counts of production of child pornography, involving three different minors on six different dates in the summer of 2011. Many of these images were taken close in time to the actual date and time of

the offenses charged in the indictment, and were taken at the Defendant's residence. In addition many of the photographs depict the victims clad, or semi-clad, not posed in a sexually explicit manner and thus, the prejudicial quality of the photographs is greatly diminished while their probative value is increased. These photos tend to prove Defendant's lack of absence or mistake and thus, intent; and, given the fact that many were taken in Defendant's residence, they could be used to prove Defendant's access to the victims, as well as his opportunity to offend.

Fourth, the Government offered a limiting jury instruction. Defendant, during the Pretrial Conference, indicated that his client had stated that he did not want it read to the jury every time 404(b) evidence was offered into evidence. This Court will carefully consider Defendant's request in this regard, but notes that the law requires a limited instruction be given.

The Court finds after its personal review of the entire "combined disc" that all of the images – Exhibit Nos. 1.1 through 7.44A (the subject of Motion in Limine filed at doc. no. 95), 8.1 through 8.66A (the subject of the instant Motion in Limine) and 9.1 through 21.1 – are admissible with the exception of Exhibit 11.1 and 11.2. The Court will defer ruling on the admissibility of Exhibit 11.1 and 11.2 until the time of trial.

### III. Conclusion

The Court finds that all of the images proffered by the Government in Exhibit Numbers 8.1 through 8.66A are admissible. Accordingly, the Court will DENY the Motion in Limine Regarding 404(b) Evidence, filed at document number 92.

## ORDER OF COURT

AND NOW, this 13th day of January, 2014, the Court DENIES Defendant's Motion in Limine Regarding 404(b). Doc. no. 92.[3] Thus, the images found in Government Exhibit Nos. 8.1 through 8.66A are admissible. In addition, the images found in Government Exhibit Nos. 9.1 through 21.1 are admissible, with the exception of Exhibit 11.1 and 11.2. The Court will defer ruling on the admissibility of Exhibit 11.1 and 11.2 until time of trial.

                                                        s/Arthur J. Schwab  
                                                        Arthur J. Schwab  
                                                        United States District Judge

cc:      All Registered ECF Counsel and Parties

---

[3] Upon review of the Government's (corresponding) Motion in Limine Regarding the Admission of "Intrinsic" Evidence (doc. no. 99) and Defendant's Response thereto (doc. no. 107), said Motion is GRANTED for the reasons set forth hereinabove.